Filed 7/24/24  In re B.M. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re B.M., a Person Coming Under the Juvenile Court Law. | B333410 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 20CCJP06535A) |
| Plaintiff and Respondent, | |
| v. | |
| K.M., Jr. and J.P., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, D. Brett Bianco, Judge.  Conditionally reversed and remanded with directions.

Richard B. Lennon and Merrill L. Toole, under appointment by the Court of Appeal, for Defendant and Appellant K.M. Jr.

Erin Riley Khorram, under appointment by the Court of Appeal, for Defendant and Appellant J.P.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Kimberly Roura, Senior Deputy County Counsel, for Plaintiff and Respondent.

In this appeal from a parental rights termination order, parents K.M., Jr. (Father) and J.P. (Mother) contend the juvenile court and the Los Angeles County Department of Children and Family Services (the Department) did not fully comply with their obligations under California law related to the Indian Child Welfare Act (ICWA).  Specifically, they argue the record does not confirm the Department contacted all three federally recognized Cherokee tribes after two family members reported minor B.M.'s paternal great grandmother was a Cherokee tribal member.  We agree there is some ambiguity in the record that should be cleared up, so we shall conditionally reverse the parental rights termination order and remand for that purpose.

## I.  BACKGROUND

In December 2020, the Department filed a dependency petition alleging then-newborn B.M. was a dependent child under Welfare and Institutions Code section 300 because of her parents' history of domestic abuse and her mother's substance abuse.[1]  During the initial dependency court proceedings, Father informed the Department and the juvenile court that his grandmother (B.M.'s paternal great grandmother) Amanda M. (Amanda) was a member of the Cherokee tribe.[2]  Mother denied having any Indian

---

[1]    Undesignated statutory references that follow are to the Welfare and Institutions Code.

[2]    We discuss only Father's claim of possible Cherokee ancestry in this opinion because there is no argument on appeal that the Department or the juvenile court committed ICWA-related error in any other respect.

ancestry.  The trial court ordered the Department to investigate whether B.M. is or may be an Indian child.

Father referred the Department to his father K.M., Sr. (Senior) as a potential source of additional information about any Indian heritage.  Senior told the Department that his mother Amanda was a registered member of the Cherokee tribe and provided her date of birth and date of death (in 2011).  Senior said he was not a tribal member, nor was Father.

The Department summarized this information in a February 2022 report for the juvenile court and added that it had "sent inquiries to the Cherokee Tribes regarding the ICWA status for this family.  At the time of the writing of this report, the Department is waiting for a response from the respective branches of Cherokee tribes."  At a review hearing held that same month, the juvenile court ordered the Department to provide a future update on "any responses from the Cherokee tribe" but found it had no reason to know B.M. was an Indian child and did not order formal notice to any tribe or the Bureau of Indian Affairs.

A report filed with the juvenile court later in May 2022 states an "ICWA-020 'Notice of Child Custody Proceeding for Indian Child' Notice was mailed to the Cherokee tribe.  A Response Letter from the Eastern Band of Cherokee Indians, dated 03/10/2022 and attached herein, documents the following, in part:  [¶]  'Our office has reviewed the Eastern Band of Cherokee Indians' tribal registry and based on the information received from you, [B.M.] is neither registered nor eligible to register as a member of this tribe.'  [¶]  No additional Response Letters or Certified Mail Return Receipts have been received by the Department" (typeface emphasis removed).  This appears to

indicate that the Department made the ICWA-related inquiry it referenced in its earlier report by mailing a copy of Father's ICWA-20 form that bore only Amanda's name and information concerning the ongoing dependency proceedings. The statements in the Department's February and May reports also leave matters unclear as to whether the other two federally recognized Cherokee tribes (beyond the Eastern Band of Cherokee Indians) were contacted: the February 2022 report says inquiries were sent to multiple branches of the Cherokee tribes but the May 2022 report says an ICWA-20 notice was sent to "the Cherokee tribe" (singular) and reports no return receipts were received from mail sent to any tribe other than the Eastern Band of Cherokee Indians.

While ICWA-related investigation was ongoing, the juvenile court asserted dependency jurisdiction over B.M. Father appealed the jurisdiction finding and the parties to the appeal contended this court should direct the juvenile court to comply with ICWA without reversing or affirming the jurisdiction finding. (*In re Baby Girl M.* (2022) 83 Cal.App.5th 635, 636.) We dismissed the appeal and explained our reason for doing so: "[A]ll we could order in resolving this appeal is that the Department and juvenile court fulfill their inquiry and notice obligations under ICWA and related California law. Because that is what the Department is already doing, and because we are not in a position to micromanage that process in *this* appeal (detailing, for instance, all those who must be interviewed, what they must be asked, and what must be included in any notice to tribes that is required), there is no effective relief we can now provide. The juvenile court must direct that process, at least in the first instance." (*Id.* at 638-639.)

During the proceedings in the juvenile court that followed, the court found there was no reason to know B.M. was an Indian child, ordered parental rights terminated at an October 2023 hearing, and set adoption as B.M.'s permanent plan. The parents appeal from the parental rights termination order and contest only the adequacy of the Department's ICWA-related inquiry into whether B.M. may be a member of, or eligible for membership in, any of the three federally recognized Cherokee tribes.

## II. DISCUSSION

The record reveals the juvenile court and the Department made conscientious efforts to comply with their ICWA-related obligations. They largely succeeded. But we nonetheless believe a remand for ICWA-related reasons is required because the record is unclear in one limited respect: whether the Department managed to make adequate contact with all of the Cherokee tribes after Father and Senior both reported Amanda was a member of a Cherokee tribe.

Under ICWA and related California law, the Department and the juvenile court have "an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child." (§ 224.2, subd. (a); see also Cal. Rules of Court, rule 5.481(a).) Section 224.2, subdivision (b) states "[i]nquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." Subdivision (e)(1) of the same statute explains "[t]here is reason to believe a child involved in a proceeding is an Indian child whenever the

6

court, social worker, or probation officer has information suggesting that either the parent of the child or the child is a member or may be eligible for membership in an Indian tribe." Under section 224.2, subdivision (e)(2), when reason to believe a child is an Indian child exists, "further inquiry is necessary to help the court, social worker, or probation officer determine whether there is reason to know a child is an Indian child" and such further inquiry includes contacting (among others) the tribe or tribes in question. (§ 224.2, subd. (e)(2)(C).) This contact with tribes "shall, at a minimum, include telephone, facsimile, or electronic mail contact to each tribe's designated agent for receipt of notices under [ICWA]. Contact with a tribe shall include sharing information identified by the tribe as necessary for the tribe to make a membership or eligibility determination, as well as information on the current status of the child and the case."[3] (§ 224.2, subd. (e)(2)(C).)

The statutory obligation just discussed is why we now remand the matter. While the record is clear that the Department did contact the Eastern Band of Cherokee Indians (albeit with limited information given the apparent decision to inquire simply by mailing a copy of Father's ICWA-20 form), the record does not adequately establish the Department made any contact with either of the other two federally recognized Indian tribes. (See generally *In re Mary G.* (2007) 151 Cal.App.4th 184, 210 [the three Cherokee tribes are the Cherokee Nation of

---

[3]     When there is reason to know a child is an Indian child, the Department must provide formal notice to the tribe or tribes in question as provided in section 224.3. (§§ 224.2, subd. (f), 224.3, subd. (a)(5).)

Oklahoma, the Eastern Band of Cherokee Indians, and the United Keetoowah Band of Cherokee Indians].)  Instead, the record in places suggests only an attempt to contact a single Cherokee tribe was made and in another place indicates that if there was an attempt to contact all the tribes, the attempt may have failed as to two of them because no mailing return receipts were received.  The Department must therefore clarify and document its efforts to contact the Cherokee tribes on remand.

## DISPOSITION

The parental rights termination order is conditionally reversed and the cause is remanded solely for the purpose of permitting the juvenile court to order the Department to document its contact with all federally recognized Cherokee tribes as required by section 224.2, subdivision (e)(2)(C). Upon receipt of this documentation, the juvenile court shall make a finding on the record as to whether there is reason to know B.M. is an Indian child. If such reason to know exists, the juvenile court shall order the Department to provide formal notice to the tribe(s) in question and thereafter proceed in accordance with ICWA and related California law. (Nothing in this disposition precludes the juvenile court from directing the Department to provide formal notice in the first instance as a prudential matter. (*In re P.H., Jr.* (2024) 98 Cal.App.5th 992, 996, fn. 3.)) If the court again finds there is no reason to know B.M. is an Indian child, the court shall reinstate the parental rights termination order and make any other necessary orders not in conflict with this opinion.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.


We concur:



MOOR, J.                                    KIM, J.


9